# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

| | |
|---|---|
| KELLY L. KINCER,<br>Petitioner, | Case No. 1:18-cv-452 |
| v. | Black, J.<br>Litkovitz, M.J. |
| WARDEN, FCC PETERSBURG,<br>Respondent. | **REPORT AND RECOMMENDATION** |

Petitioner filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Doc. 1). However, petitioner neither paid the $5.00 filing fee nor filed a motion for leave to proceed without prepayment of fees. Further, petitioner filed an incomplete petition that was not signed by petitioner, as required by Federal Rule of Civil Procedure 11, and appeared to be missing pages. (*See* Doc. 1). Moreover, it appeared that petitioner, who is in custody at the FCC Petersburg in Hopewell, Virginia, which is located within the Eastern District of Virginia, filed his petition in the wrong judicial district. The proper venue for a § 2241 petition is the judicial district having jurisdiction over the petitioner's custodian. *See Wright v. United States Bd. of Parole*, 557 F.2d 74, 77 (6th Cir. 1977). *See also Wallace v. United States*, No. 97-3016, 1998 WL 45465, at *1 (6th Cir. Jan. 30, 1998).

On July 11, 2018, this Court entered a Deficiency Order. (Doc. 2). In the Order, the Court directed petitioner to pay the filing fee of $5.00 or submit an application and affidavit to proceed *in forma pauperis* within thirty (30) days of the date of the filing of the Order. Further, the Clerk of Court was directed to return to petitioner his original petition so that petitioner could submit a completed, signed petition to the Clerk of Court within thirty (30) days of the date of the Order if he still wished to pursue this matter. Petitioner was also ordered to show cause in writing within thirty (30) days of the date of the Order why this action should not be transferred

to the United States District Court for the Eastern District of Virginia. Petitioner was advised that failure to respond to the Order within the requisite 30-day period would result in the case being dismissed.

To date, more than thirty days after the Court's July 11, 2018 Order, petitioner has failed to respond to the Order.

District courts have the inherent power to *sua sponte* dismiss civil actions for want of prosecution "to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Link v. Wabash R.R.*, 370 U.S. 626, 630-631 (1962). Failure of a party to respond to an order of the Court warrants invocation of the Court's inherent power in this federal habeas corpus proceeding. *See* Fed. R. Civ. P. 41(b); *see also* Rule 11, Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254.

Accordingly, because petitioner has failed to respond to the Court's Deficiency Order issued on July 11, 2018, this case should be **DISMISSED** for lack of prosecution.

It is therefore **RECOMMENDED** that this matter be **DISMISSED** for lack of prosecution.

**IT IS SO RECOMMENDED.**

Date: 8/16/18

Karen L. Litkovitz
United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

KELLY L. KINCER,
Petitioner,

v.

WARDEN, FCC PETERSBURG,
Respondent.

Case No. 1:18-cv-452

Black, J.
Litkovitz, M.J.

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).